# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

YAISHA HODGES, :

   Plaintiff : CIVIL ACTION NO. 3:17-1973

   v. : (MANNION, D.J.)
       (SAPORITO, M.J.)

CHILD YOUTH FAMILY SERVICE, :
LUZERNE, et al.,

      :

   Defendants

FILED
SCRANTON
APR 0 5 2018
Per_____
DEPUTY CLERK

## MEMORANDUM

Pending before the court is a complaint, (Doc. 1), filed *pro se* by plaintiff Yaisha Hodges against Child Youth and Family Service of Luzerne County, PA, and two staff members, as well as Child Youth and Family Service Regional Office Northeast. Plaintiff alleges that her disabled son was improperly moved out of the state, seemingly to Ohio, miles away from her based on an emergency statute even though her son was not in imminent danger. Plaintiff also appears to allege that her civil rights were violated since she was not provided due process before her son was removed from her custody in October 2017, such as a notice and a hearing, as well as the right to be heard before her son was removed. Plaintiff alleges that her son was removed based on false claims of abuse made by defendant Aaron McCurdy. Plaintiff states that defendant Freddie Rufus was also involved in the removal of her son as retaliation against her due to a complaint she filed. Plaintiff

requests injunctive relief in the form of the court ordering her son to be returned to her and, she seeks compensatory and punitive damages. She also seeks the court to file criminal charges against the defendants for the abduction of her son.

Presently before the court is a recommendation from Judge Saporito that the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 12).

I. **PROCEDURAL HISTORY**

On October 30, 2017, plaintiff filed her *pro se* complaint seemingly under 42 U.S.C. §1983. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). On March 13, 2018, Judge Saporito issued a report and recommendation in which he recommends that plaintiff's complaint be dismissed without prejudice for her failure to comply with Orders of the court and to advise the court of her current address. (Doc. 12). Plaintiff did not file any objections to Judge Saporito's report and the time within which to do so has expired. Further, plaintiff has not filed any document in this case since November 2, 2017, and she has repeatedly failed to respond to the Orders of the court.

## II. LEGAL STANDARD

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. Under FRCP 41(b), an action may be dismissed for "failure of the plaintiff to *prosecute* or comply with these rules or *order of the court*." (emphasis added).

## III. DISCUSSION

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The court agrees with Judge Saporito that plaintiff appears to have willfully failed to prosecute her claims, and that the consequences of this failure were made clear to her. (Doc. 10). Judge Saporito correctly analyzes the applicable *Poulis* factors and he finds that plaintiff's conduct constitutes a willful failure

3

to prosecute her case and indicates that she intended to abandon her case. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).

The court has reviewed each of the recommended bases presented by Judge Saporito for recommending that this case be dismissed without prejudice due to plaintiff's failure to prosecute it and due to her failure to comply with the court's orders. Because the court agrees with the sound reasoning that led Judge Saporito to the conclusions in his report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Date: April 5, 2018

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1973-01.wpd

4